United States District Court
Middle District of Florida
Jacksonville Division

**ANTHONY BRIAN MALLGREN,**

    *Plaintiff,*

v.                                          NO. 3:25-cv-794-MMH-PDB

**UNITED STATES,**

    *Defendant.*

---

# Report and Recommendation

The plaintiff, proceeding without a lawyer, sues the "United States, et al."* Doc. 1. In the complaint, under "INFORMATION," he states:

1. Anthony Brian Mallgren, petitioner, performed a broad search of education opportunities ("GETTHEREFL.COM CAREER SEARCH").

2. Anthony Brian Mallgren, petitioner, was denied "Federal Financial Aid" ("Lack of Invested Interest").

3. GETTHEREFL.COM CAREER SEARCH involved may apprenticeship opportunities, none of which were fruitful.

4. GETTHEREFL.COM CAREER SEARCH involved multiple education institutions (including those of Florida State), none of which seem viable due to Lack of Invested Interest.

5. Anthony Brian Mallgren, petitioner, was also denied financing for a Florida State provided certification course ("Riba Infliction").

---

*The plaintiff has filed forty-three other cases this year and many more cases in previous years. *See* PACER Case Locator, https://pcl.uscourts.gov/search (last visited Aug. 25, 2025). At least one court has barred him from filing in forma pauperis cases there without obtaining leave of court. *See* Doc. 6 in *Mallgren v. United States of America*, No. 1:14-cv-1420-LAP (S.D.N.Y. May 4, 2016).

> 6. Anthony Brian Mallgren, petitioner, has applied for a passport.
>
> 7. Anthony Brian Mallgren, petitioner, is currently without reasonable funds to obtain physical relocation to another nation without Riba Infliction.

Doc. 1 at 1. He demands "[a]melioration of Riba Infliction," "[p]unitive damages," and "[t]ransfer by duplication of cases from all districts into MIDDLE DISTRICT OF FLORIDA." Doc. 1 at 1.

In a paper titled "PETITION" and filed nine days after the complaint, the plaintiff states, "I think the court already is aware of their constitution, the behavior they sponsor, and the self-implication this involves." Doc. 3 at 1. He demands "[d]issol[ution of] the Florida State [C]onstitution" and "[r]ecreat[ion of] the United States [C]onstitution." Doc. 3 at 1.

The undersigned ordered the plaintiff to (1) file a new application to proceed without prepaying fees or pay the $405 filing fee and (2) file an amended complaint that complies with the pleading rules. Doc. 4 at 2. The undersigned explained the pleading rules, directed the plaintiff to resources for unrepresented litigants, and warned, "If the plaintiff fails to timely comply with this order, the case may be dismissed without prejudice." Doc. 4 at 2.

A court may dismiss a case for failure to comply with an order. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal with prejudice is appropriate "only in extreme circumstances"; there must be a clear record of delay or willful conduct that lesser sanctions would be insufficient to correct. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quoted authority omitted).

Here, dismissal without prejudice is warranted because the plaintiff failed to comply with the order directing him to file a new application to

proceed without prepaying fees or pay the $405 filing fee and file an amended complaint that complies with the pleading rules, Doc. 4.

The undersigned **recommends** dismissing the action without prejudice and directing the clerk to close the file.

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A [district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "A party failing to object to … findings or recommendations … in a report and recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on August 26, 2025.

*Patricia D. Barksdale*
Patricia D. Barksdale
United States Magistrate Judge

c:   Anthony Brian Mallgren
     1279 Mull Street
     Jacksonville, FL 32205